UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
VEYANCE TECHNOLOGIES, INC.,         :
                                    :
                Plaintiff,          :    09 Civ. 8851 (BSJ)
                                    :    **Order**
        v.                          :
                                    :
LEHMAN BROTHERS SPECIAL FINANCING, INC. :
                                    :
                Defendant.          :
----------------------------------x

**BARBARA S. JONES
UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/09

On October 16, 2009, Plaintiff Veyance Technologies, Inc. ("Veyance") filed this motion to withdraw the reference of Adversary Proceeding No. 09-1120 to the United States Bankruptcy Court for the Southern District of New York. Defendant Lehman Brothers Special Financing, Inc. ("LBSF") filed its opposition to this motion on November 2, 2009. For the reasons that follow, the motion to withdraw the reference is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

In early 2008, Veyance, a manufacturer of automotive and other products, began discussing the economic terms of an interest-rate swap transaction with LBSF. (Harris Dec. ¶ 6-7.) On May 16, 2008, the parties participated in a telephone call during which they agreed on certain economic terms for the transaction. (Id. ¶ 8.) While LBSF claims that a contract was created according to typical industry practice, Veyance claims

that the contract was never finalized as material terms remained subject to negotiation. (Def. Opp. at 4; Harris Dec. ¶ 8.)

On October 7, 2009, LBSF filed a motion in the Bankruptcy Court pursuant to the Federal Rules of Bankruptcy Procedure to enforce its rights under the alleged contract. LBSF claims that beginning on December 11, 2009, Veyance is obligated to pay a floating three-month interest rate of 4.025% on a notional amount of $100,000,000. (Def. Opp. at 4-5.) Veyance disagrees that a contract was ever formed, and on October 16, 2009, Veyance commenced an adversary proceeding in the Bankruptcy Court seeking a declaratory judgment on the existence of the contract and injunctive relief to prevent LBSF from declaring Veyance in default under the contract. Veyance also moved to withdraw the reference from the Bankruptcy Court.

Veyance argues that the District Court should exercise its discretion to withdraw the reference because the dispute between the parties is essentially a non-core breach of contract action and the District Court is "uniquely suited" to resolve state contract law issues. Further, Veyance argues that the withdrawal would promote judicial economy by avoiding the duplication of litigation; if the issue at hand is "non-core," any finding by the Bankruptcy Court must be reviewed de novo by the District Court pursuant to 28 U.S.C. § 157.

LBSF contends that the motion should either be denied as premature or, in the alternative, denied on the merits. LBSF contends that the adversary proceeding is a core proceeding and judicial economy would be undermined by the withdrawal of the reference.

**LEGAL STANDARD**

Withdrawal of the reference to a bankruptcy court is governed by section 157(d) of Title 28 of the United States Code, which provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this Section, on its own motion or on timely motion of any party, for cause shown."

The Second Circuit in Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1100-01 (2d Cir. 1993), created an analytical framework for determining what constitutes "cause" to withdraw a case from bankruptcy court. The first step of that analysis is to decide whether the claims are "core" or "non-core," largely because it is upon this issue that other relevant "questions of efficiency and uniformity will turn." Id. at 1101. Congress has codified the core/non-core distinction in 28 U.S.C. § 157(b)(1), which states: "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." Congress also set forth a non-exhaustive list

3

of fifteen types of core proceedings in § 157(b)(2). As a general matter, "core matters are ones with which the bankruptcy court has greater familiarity and expertise, subject to appellate review by the district court." LTV Steel Co. v. Union Carbide Corp. (In re Chateaugay Corp.), 193 B.R. 669, 675 (S.D.N.Y. 1996). "Non-core matters are those in which the district court is more proficient, and which the district court reviews de novo." Id. "Courts in this Circuit construe 'core' jurisdiction broadly to honor the intent of Congress and to avoid overwhelming the district court with bankruptcy matters." Id. (internal citations omitted).

After it is determined whether the issue is core or non-core, the court "should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." In re Orion, 4 F.3d at 1101. The Second Circuit has emphasized that the principal question underlying the Orion factors is efficient and consistent administration of the laws. Id. at 1101. The Court also stressed that the ultimate decisions of whether to withdraw and the timing of such withdrawal are matters within the district court's discretion. See id.

## DISCUSSION

With regard to the core/non-core issue, the Bankruptcy Court has not yet determined whether this action is core or non-core. Section 157(b)(3) instructs that the bankruptcy judge should make this determination in the first instance. 28 U.S.C. § 157(b)(3)("The bankruptcy judge shall determine ... whether a proceeding is a core proceeding under this subsection.").

While there is a split in this circuit as to whether it is mandatory to allow the bankruptcy court to determine in the first instance if a matter is core, even those courts that have not interpreted § 157(b)(3) as requiring mandatory deferral to the bankruptcy court have deferred unless the moving party provided a compelling reason not to do so. See, e.g., United Illuminating Co. v. Enron Power Mktg., Inc. (In re Enron Corp.), No. 03 Civ. 5078, 2003 WL 22171695, at *2 (S.D.N.Y. Sept. 22, 2003). Veyance has not provided any reasons why the District Court and not the bankruptcy judge should make the core/non-core determination.

The other Orion factors "will turn" upon the core/non-core determination. Orion, at 1101. See also 28 U.S.C. § 157(c)(1) (stating that a district court must review de novo the non-core findings of a bankruptcy court, thus influencing the following factors: judicial economy, delay, and costs to the parties); M. Fabrikant & Sons, Inc., 2008 WL 2596322, at *4 (stating that

"withdrawing the reference would not hamper uniform administration of the bankruptcy code" because the case was a non-core proceeding). Overall, Veyance's motion is premature.

Furthermore, the interests of judicial efficiency may dictate that the case should remain in Bankruptcy Court, whether the Adversary Proceeding is core or non-core. The Bankruptcy Court is in the process of adjudicating numerous disputes between LBSF and various other counterparties concerning interest rate swap transactions, and has developed expertise with respect to this complex form of contract.[1] These disputes do not focus solely around issues of New York state law, but also upon the materiality of terms in derivative transactions and industry practice.[2] Thus, the Bankruptcy Court may be best equipped to adjudicate the present dispute due to its exposure to LBSF's business, the contract terms at issue here, the complex type of transaction at issue here, and the practices of the swap industry. The Court thus declines to withdraw the reference at this time. See Enron Power Marketing, Inc. v.

---

[1] LBSF states that approximately 15 adversary proceedings or contested motions have been brought before the Bankruptcy Court in the above-captioned Chapter 11 cases that concern derivative transactions. Through the adjudication of these numerous proceedings, the Bankruptcy Court has (or will) become familiar with the nature of LBSF's derivative transactions, and the drafting, terms, and practical operations of swap agreements.

[2] Indeed, two key factual issues raised in Veyance's Complaint concern (i) whether the matters negotiated by LBSF and Veyance after May 16, 2008 constituted material economic terms of the transaction, and (ii) whether industry practice allowed for parties to an interest rate swap transaction to record a transaction in the absence of a written confirmation. (Compl. ¶¶ 7, 16, 19.)

<u>Holcim, Inc. (In re Enron Corp.)</u>, No. 04 Civ. 509, 2004 WL 2149124, at *3 (S.D.N.Y. Sept. 23, 2004)(declining to decide core/non-core question and denying motion to withdraw the reference where claims based on breaches of commodities contracts "share factual and legal issues with a multiplicity of other adversary proceedings pending before the Bankruptcy Court").[3]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to withdraw the reference is DENIED without prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED:

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          December 3, 2009

---

[3] The Court also is not persuaded by Veyance's argument that their demand of a jury trial "weighs strongly in favor of withdrawal of the reference." (Pl. Mot. ¶ 18.) Even if this action is a non-core proceeding, the Bankruptcy Court may still adjudicate pretrial matters not requiring the entry of final orders or judgments. See 28 U.S.C. § 157(c)(1); <u>Hassett v. Bancohio Nat'l Bank (In re CIS Corp.)</u>, 172 B.R. 748, 763-64 (S.D.N.Y. 1994). If this action is a core proceeding, Section 157(e) provides that a bankruptcy court may conduct a jury trial if "specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." In any event, there is no need for this Court to preempt the core/non-core determination by the Bankruptcy Court.